UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA PRYN,
                Plaintiff,                            **ORDER**
          v.                                                19-CV-62

COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

**BACKGROUND**

Plaintiff, Theresa Pryn, brought this action pursuant to Title II of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. ECF No. 1.

On December 20, 2019, plaintiff's counsel filed a motion to substitute party requesting that this Court issue an order substituting plaintiff's spouse, John Pryn, for plaintiff. (ECF No. 16). The Commissioner's position regarding plaintiff's motion is unknown.

**DISCUSSION**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of plaintiff's claims</u>

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the surviving spouse. 42 U.S.C. § 404 (d)(1); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to

his survivors in the event he dies before collecting his underpayments.") (internal citation omitted). Therefore, plaintiff's claims survive her death.

### 2) Timeliness of motion

The Federal Rules of Civil Procedure provide that the motion for substitution must be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013) (citations omitted). Here, plaintiff's counsel first informed the Court of plaintiff's death on October 18, 2019 by filing a suggestion of death with the Court. ECF No. 11. Accordingly, the Court finds that the motion to substitute was timely filed.

### 3) Proper party for substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. A "representative" is a person who has received letters to administer the estate of a decedent, usually the appointed administrator or executor of the decedent's estate. N.Y. E.P.T.L. § 1–2.13 (McKinney). A "successor" of the deceased party is a "distributee" of the decedent's estate where the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted). "Courts generally reserve judgment as to whether the movant is a proper party for substitution when he or she fails to establish that he or she is the deceased party's 'representative' or a 'successor.'" *Scialdone v. Berryhill*, No. 16-CV-6433-FPG, 2017 WL 2835252, at *2 (W.D.N.Y. June 30, 2017)

(internal citations omitted). However, "where the plaintiff die[s] destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute". *Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.,* 15 Civ. 9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) (internal citations omitted); *see also Perlow,* 2010 WL 4699871, at *2 ("when a plaintiff dies destitute, and his widow is not appointed the representative of his estate, the estate need not be distributed before his widow can serve as his substitute, as there is nothing to distribute"); *Divone v. Sec'y of Dep't of Health & Human Servs.*, No. CV-84-4950, 1989 WL 12643, at *2 (E.D.N.Y. Feb. 8, 1989) (the idea that a widow should be first appointed the representative on the estate where plaintiff died destitute and no formal estate proceeding had been initiated defies common sense and is impractical).

Here, plaintiff's counsel and John Pryn assert that plaintiff was married to Mr. Pryn at the time of her death, however, no copy of their marriage certificate was provided to the Court. Mr. Pryn also has not demonstrated that he is a proper party to be substituted at this juncture. Neither counsel's affirmation, nor Mr. Pryn's affidavit, contain proof establishing that Mr. Pryn was granted testamentary letters of administration regarding the estate of his spouse, Theresa Pryn, that Mr. Pryn is a distributee of plaintiff's estate, or allege that plaintiff died destitute and that no formal estate proceeding has been initiated. For Mr. Pryn to be substituted, he must demonstrate that he is a distributee of his spouse's estate and that the estate has been distributed without probate, or that he has been appointed administrator or executor of his spouse's estate.

## CONCLUSION

Accordingly, plaintiff's motion for substitution (ECF No. 16) is DENIED with leave to renew upon the filing of the necessary supplemental documentation on or before **February 24, 2020**.

**IT IS SO ORDERED.**

Dated: January 24, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court